### JAMES ADAMS v. JAMES R. BROWN, ETC.

**Counties—Appropriation—Sheriff Custodian—Funds Paid Out on Orders.**
Where a sheriff holds the funds of a county and is the proper custodian of same, he has no right to pay them out except upon the order of the county court.

**Same—Commissioner to Let Contract to Build Road—Duties.**
It was the duty of the commissioner to let out the work, to receive it when completed but they had no power to order the sheriff to pay the contractor.

February 12, 1872.

### APPEAL FROM CHRISTIAN CIRCUIT COURT.

OPINION OF THE COURT BY JUDGE LINDSAY:

A careful consideration of the facts presented in this case satisfies us that the judgment of the court below ought not to be reversed.

Wallace, the sheriff, held the funds in his hands as the custodian of the county, and had no right to pay them out except upon the order of the county court.

The order of that court, made December 8, 1868, goes no further than to appropriate or set apart $800 to pay the cost of the work to be done on the Sand Lick road. It does not direct the sheriff to pay that sum over to the commissioners, nor authorize him to pay it out upon their order. They had the right to let out the work to the best bidder, to receive it when completed, and were bound to report their action to the court by which they were appointed. Having done this it then devolved upon that tribunal to order the sheriff to pay over to the contractor such amount out of the funds theretofore appropriated as might be due him.

If the court's commissioners failed or refused to make the proper report, or the court to make the proper order, the appellants' right of action accrued against his debtor, the county of Christian, and not against the mere agent of such debtor.

If the amount of his claim had been ascertained and fixed, he might, by writ of mandamus, have compelled the justices of the county court to order the sheriff to pay him such amount.

Upon the other hand, if the commissioners had the right to control in the sheriff's hands the amount set apart for the improvement of the Sand Lick road, then they should have been treated as quasi public officers, and compelled by mandamus to make the necessary orders upon the sheriff to secure the payment of such amount as may have been due to the appellant. Certainly no judgment for money can be rendered against them.

It may be that the circuit court misled appellant by over-ruling the demurrer to his petition. This was not the result of any action upon the part of these appellees. They pointed out the defect of parties in their demurrer, and when it was over-ruled they excepted to the action of the court. Having given notice to appellant of this defect of parties, it would be manifestly unjust to burden them with the costs of a reversal of the judgment, to enable him to do what they all the while insisted he should have done. They are not responsible for the action of the circuit court, and did nothing to mislead appellant.

The judgment must be *affirmed.*

*Landis & Clark, for appellant.*

*R. & Bro. and McP. & C., for appellee.*